# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIDIA CHARUBIN,<br><br>               Plaintiff,<br>v.<br><br>BUDNEY OVERHAUL & REPAIR, LTD.,<br><br>               Defendant. | Civil Action No.<br>3:18-cv-00256 (CSH)<br><br>**JANUARY 9, 2019** |

## ORDER RE PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

**HAIGHT, Senior District Judge:**

Plaintiff Lidia Charubin brings this action against Defendant Budney Overhaul & Repair, Ltd., for sexual harassment and retaliation claims. She now moves for an emergency protective order regarding the translator that Defendant has chosen for Defendant's mental examination scheduled for today, January 9, 2019, and presumably for the second session on February 13, 2019, as well. Doc. 20. Plaintiff filed that emergency motion electronically at January 8, 2019, at 2:58pm. Defendant has not yet responded to it.

Plaintiff submits that she still suffers from a "moderate level of PTSD," and objects to having only men in the room for the mental examination. *Id.* at 1, 3. The psychiatrist Dr. Kenneth Selig, the psychiatrist, and Defendant's chosen translator—who interpreted during Plaintiff's December 27, 2018, deposition—are males. *Id.* at 3. Plaintiff is concerned about the quality of said translator's interpretation "because it was apparent to her that the interpreter failed to translate parts of Plaintiff's longer responses during her deposition, where Plaintiff's counsel provided a check on the interpreter's errors and omissions." *Id.* Moreover, Defendant had given Plaintiff the impression that they would

-1-

use Elizabeth Wasiutnyski as the interpreter after having asked Plaintiff for Ms. Wasiutnyski's contact information and indicating that Dr. Selig said that "it would be helpful to use the same translator during his examination of Plaintiff." *Id.* (internal quotation marks omitted). Plaintiff did not discover Defendant would not be using Ms. Wasiutnyski's services until the afternoon of January 7, 2019. *Id.*

The question that arises is whether Plaintiff has alleged facts sufficient to demonstrate irreparable harm, an essential requirement for any form of injunctive relief. The Court is not in a position to reach a conclusion on that question in the absence of responsive papers from the Defendant. Accordingly, both scheduled mental examination sessions of the Plaintiff are POSTPONED WITHOUT DATE. Defendant is directed to file papers responsive to Plaintiff's emergency motion on or before January 18, 2019. Plaintiff may file reply papers, if so advised, on or before January 25, 2019. If thereafter the Court desires oral argument, counsel will be advised.

It is SO ORDERED.

Dated: New Haven, Connecticut
January 9, 2019

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge