UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIDIA CHARUBIN,

        Plaintiff,

v.

BUDNEY OVERHAUL & REPAIR, LTD.,

        Defendant.

Civil Action No.
3:18-cv-00256 (CSH)

JANUARY 15, 2019

**RULING ON PLAINTIFF'S EMERGENCY MOTION**

**HAIGHT, Senior District Judge:**

Defendant's Objection [Doc. 21] to Plaintiff's Emergency Motion for Protective Order [Doc. 20], Plaintiff's Reply thereto [Doc. 23], and the Motion itself inform the Court to a degree sufficient to allow this Ruling, which resolves the Motion.

**I.    BACKGROUND**

Plaintiff asserts against Defendant, her former employer, a claim for emotional distress arising out of Plaintiff's alleged sexual harassment by Plaintiff's supervisor. Plaintiff and the supervisor both speak Polish: one gathers, from the motion papers, as a first language. In addition, Plaintiff's counsel of record is bilingual in Polish and English.

During discovery, Defendant's counsel deposed Plaintiff. In accordance with customary procedure, Plaintiff's counsel attended the deposition. Plaintiff gave her testimony with the assistance of a Polish-English interpreter. Plaintiff's counsel avers on the present motion that, making use of his bilingual skills, counsel "repeatedly objected during Plaintiff's deposition to the interpreter's methods and the quality of his translations." Plaintiff's Reply [Doc. 23] at 1.

1

Defendant's counsel subsequently decided, as part of continuing discovery, to subject Plaintiff to "an Independent Medical Examination ('IME') with Defendant's medical expert." Defendant's Objection [Doc. 21] at 1. Defendant has selected as examining physician Dr. Kenneth Selig, a male psychiatrist. Defense counsel's designation of Dr. Selig as "*Defendant's* medical expert" casts some doubt on the brief's immediately preceding reference to an "*Independent* Medical Examination," but no matter, the dispute does not turn upon such nuances. The dispute arises because as the result of an exchange of post-deposition communications between the attorneys; Plaintiff's counsel formed the impression that the Polish-English interpreter at the IME would be one Elizabeth Wasiutynski, a retiree who has achieved, in counsel's admiring phrase, the enviable reputation "as the best Polish-English interpreter in Connecticut." Plaintiff's Motion [Doc. 20] at 2.

Plaintiff now says she was distressed to learn, shortly before the date scheduled for the IME, that "the same male interpreter who translated during Plaintiff's December 27, 2018 deposition would also interpret during Dr. Selig's evaluation." That distress prompted the present protective motion. Plaintiff, a female, objected to having "only the two men, the psychiatrist and the interpreter," present at the examination, particularly when "she lacks confidence in the quality of the man's interpretation because it was apparent to her that the interpreter failed to translate part of Plaintiff's longer responses during her deposition." Doc. 20 at 3.

## II. DISCUSSION

Plaintiff's initial demand was that the Court order Defendant "to use Elizabeth Wasiutynski or another agreed-upon female Polish interpreter during Dr. Selig's evaluations of Plaintiff." Doc. 20 at 4. Plaintiff's Reply [Doc. 23] seemingly retreats from (or at least amends) that demand:

Plaintiff now says that "she is prepared to go forward with the evaluation so long as her concerns about the hired interpreter can be allayed with audio recording of the exchanges." Doc. 23 at 1. Plaintiff now acknowledges that the former (albeit problematic) interpreter "has the requisite language skills and has done acceptable work when bilingual counsel was present to observe in real time and object when necessary. However, no such control will be present at the IME, thus necessitating the audio recording in case of any later complaints that faulty interpretation negatively affected the evaluation." *Id*. at 2–3. Plaintiff concludes that she "will be present at the scheduled time and will proceed with the examination so long as Dr. Selig does not interfere with her right to make an audio recording of the examination." *Id.* at 2. It should be noted that the Court, having considered the submissions on the present motion, stayed the IME pending the Court's decision on the motion, which this Ruling accomplishes. Doc. 22.

The position for Defendant on Plaintiff's protective motion is that Plaintiff is entitled to no protection whatsoever. Defendant contends that the IME should proceed, with Dr. Selig examining and interrogating Plaintiff, assisted by the interpreter originally designated by Defendant. As to an audio recording, Defendant opposes that as well. The Opposing Brief argues at 4: "Defendant cannot agree to this—it is a transparent attempt to set up at situation in which any comment Plaintiff makes that is unfavorable to her case could have been the result of poor translation. Moreover, Defendant was not afforded the same opportunity to record Plaintiff's sessions with her expert."

The issues presented by this motion are sensitive and not without difficulty. Plaintiff claims that as the result of an incident for which Defendant is liable, she suffers from intractable and severe emotional distress. Defendant responds that Plaintiff's claim is frivolous, entirely lacking in merit, and not asserted in good faith. Resolution of these substantive questions is for another day, after

3

completion of discovery, summary judgment motions, or plenary trial. For the present, each party is entitled to pre-trial discovery and trial preparation (1) as broad and full as the Rules allow, while (2) conducted in a manner that is fair to the other party.

There can be tension between these two guiding principles. That tension arises in the case at bar because the damages Plaintiff claims are psychiatric in nature and Defendant wishes to proffer at trial medical expert testimony from Dr. Selig, a psychiatrist. Dr. Selig proposes to interview and evaluate Plaintiff in order to form the opinion Defendant contemplates offering at trial. Defendant is entitled to that interview, evaluation and evidence. Plaintiff does not contend otherwise in principle. The complication in practice is that Plaintiff is a Polish-speaking individual. What Dr. Selig says to Plaintiff must be translated from English into Polish, and Plaintiff's responses to Dr. Selig must be translated from Polish into English. Dr. Selig's resulting medical opinion will be expressed in English, the *lingua franca* of a trial in this Court, but fairness to both parties requires that every available step be taken to ensure that the interpreter's translations are complete and accurate.

In this case, counsel for Plaintiff articulates a plausible cause for concern in that regard on the part of the designated interpreter, who according to counsel gave suspiciously short translations of lengthy questions during Plaintiff's deposition. I do not say that actually occurred during the deposition, but counsel describes a familiar problem. For example: Two ocean-going ships collide in reduced visibility. A U.S. Coast Guard inquiry officer asks a young mate of the watch on one vessel, testifying in Norwegian through an interpreter, how the ships maneuvered into collision. The witness responds, in some agitation, in Norwegian, his answer extending over ten minutes. The interpreter purports to state his translation of the mate's answer, which is in its entirety: "There was

4

no fog that night." Everyone at such a hearing knows there are problems with the completeness and accuracy of the translation.

An effective way to avoid such potential problems in the case at bar is to have a contemporaneous audio recording made of Dr. Selig's interview of Plaintiff, as Plaintiff's counsel suggests on this motion. A record will then exist for counsel to urge any unfairness or impropriety counsel perceives in the interpretation and translation processes. Defendant's objections to a recording are unpersuasive. Its argument, quoted *supra*, assumes that counsel for Plaintiff would make frivolous arguments of "poor translation" in bad faith. The Court declines to indulge that assumption. Given the importance of the anticipated evidence based on Dr. Selig's expert opinions, Defendant's hypothetical concerns about Plaintiff's conduct in using a recording of Dr. Selig's session do not tip the balance against the assurances of fairness inherent in such a recording. There is no substance to Defendant's additional contention, more whine than argument, that "Defendant was not afforded the same opportunity to record Plaintiff's sessions with her expert." The circumstances are entirely different, and there is no indication that Defendant asked for that opportunity.

Accordingly, Defendant is required to allow Plaintiff to make an audio recording of Dr. Selig's examination of Plaintiff. Plaintiff must pay the cost of the recording and its transcription in the first instance; *provided, however*, such expenses shall be taxable costs, to abide the event. If Defendant wishes to obtain copies of the recording and transcription, it must pay for them in the first instance, subject to inclusion as taxable costs.

While Dr. Selig is an experienced specialist, and requires no instruction from the Court, I take this opportunity to ask that, to the extent medically possible, Dr. Selig structure his session with

5

Plaintiff in such a way as to enhance and promote the purpose and clarity of the audio recording directed by this Ruling. What I have said in this concluding paragraph is precatory, not mandatory.

### III. CONCLUSION

For the foregoing reasons, the Court makes the following Order:

1. Plaintiff's Motion for Protective Order [Doc. 20] is DENIED, to the extent that it prays the Court to order Defendant to use Elizabeth Wasiutynski as a female Polish interpreter during Dr. Selig's evaluations of Plaintiff. Plaintiff is not entitled to have the Court direct Defendant to engage the services of a particular interpreter.

2. Plaintiff's Motion for Protective Order [Doc. 20] is GRANTED, to the extent that Defendant is directed to allow and cooperate with the making of an audio recording during the course of Dr. Selig's evaluations of Plaintiff.

3. Defendant's requests for costs and prohibitions, as stated in the concluding paragraph of its Opposition [Doc. 21] to Plaintiff's Motion, are all DENIED.

4. The Independent Medical Examination of Plaintiff by Dr. Selig will take place in a manner consistent with this Ruling.

It is SO ORDERED.

Dated: New Haven, Connecticut
January 15, 2019

                                                  */s/ Charles S. Haight, Jr.*
                                                  CHARLES S. HAIGHT, JR.
                                                  Senior United States District Judge