UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIDIA CHARUBIN : | | |
| Plaintiff, : | CIVIL ACTION NO. 3:18-CV-00256 (CSH) | |
| v. : | | |
| : | | |
| BUDNEY OVERHAUL & REPAIR, LTD. : | MARCH 27, 2019 | |
| Defendant. : | | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Pursuant to Local Rule of Civil Procedure 7(b)(1)(a), Defendant Budney Overhaul & Repair, Ltd. by and through its counsel, Jackson Lewis P.C., respectfully submits this Opposition to Plaintiff's Motion to Compel. For reasons discussed more fully below, Defendant respectfully request that this Court deny Plaintiff's Motion to Compel as it fails to state any legally meritorious basis upon which Defendant should be compelled to supplement its valid and comprehensive responses to Plaintiff's written discovery requests or withdraw any of its valid objections to same.

### I.  FACTUAL BACKGROUND

Plaintiff worked for Defendant in a hybrid janitorial and metal deburring role. Immediately after she complained to Defendant's owner that her supervisor made sexually explicit comments to her, Defendant allowed her a leave of absence for several months, during which it paid her full wages without interruption. Due to this swift action, Plaintiff never saw her supervisor again. Defendant investigated the complaint, terminated the supervisor's employment, and notified Plaintiff of that fact and her return to work date. Plaintiff, through her attorney, then notified Defendant that she was refusing to return to work. She then initiated this lawsuit against

1

Defendant, claiming retaliation and harassment in violation of Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act.

## II. ARGUMENT

At issue in Plaintiff's Motion to Compel are minor, discrete claimed concerns over attorney-client privileged material; other employee's personnel files; and overbroad requests for information and documents that are alternatively wholly irrelevant to the litigation or to which Plaintiff has access.

### A. Defendant Properly Asserted Attorney-Client Privilege And Produced A Privilege Log That Comports With The Federal Rules Of Civil Procedure

The basic principle of the attorney-client privilege is axiomatic: "Communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice." *Gould, Larson, Bennet, Wells & McDonnell, P.C. v. Panico*, 273 Conn. 315, 321 (2005) (internal quotation marks omitted). As decisional law articulates, attorney-client privilege applies: where legal advice of any kind is sought, from a professional legal advisor in that capacity as such, communications relating to that purpose, made in confidence, by the client, are at this instance permanently protected, and from disclosure by himself or by the legal advisor. *Uniroyal Chemical Co. v. Crompton Manufacturing Company*, 224 F.R.D. 53 (D. Conn. 2004).

As the Second Circuit directs, courts employ a three-pronged test for determining the legitimacy of an attorney-client privilege claim. A party invoking the attorney-client privilege must show: a communication between client and counsel that was intended to be, and was in fact kept confidential, and was made for the purpose of obtaining or providing legal advice. *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). The purpose of the attorney-client privilege is to encourage full and frank communication between attorneys and their clients by assuring clients that their disclosures will be held in confidence. *Upjohn Co. v. United States*, 449 U.S. 383 (1981).

It is well-settled that this privilege protects communications made in confidence by clients to their lawyers for the purpose of obtaining legal advice.  *Id*. at 395.  Courts have held that "the substance of a confidential communication from the lawyer to the client ***that reveal, directly or indirectly***, the substance of a confidential communication by the client are protected by the privilege." *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734 (Fed. Cir. 1987) (emphasis added).

If an adverse party is provided access to privileged material, then "a pertinent aspect of confidentiality will be lost." *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 165 (2d Cir. 1992).  "The privilege rests on the belief that in an adversary system, a client's full disclosure to an attorney is a necessary predicate to skillful advocacy and fully informed legal advice." *In re Dow Corning Corp.*, 261 F.3d 280, 284 (2d Cir. 2001).  "The existence of the privilege thus allows attorneys to assure clients that any information given to their attorneys will remain confidential." *Id.*

Defendant properly asserted a claim of attorney-client privilege over relevant e-mails and notes that were for the purpose of requesting or obtaining legal advice.  The documents in question are dated between November 2015 and May 2016.  Plaintiff alleges that she complained to Defendant on September 4, 2015, went placed on administrative leave on September 16, 2016 and separated from Defendant on March 7, 2016.  Plaintiff relies on the timing of the communications to suggest that because Plaintiff was on administrative leave, Defendant "was figuring out to do about their employment." (Dkt. 29, p. 9).  However, Plaintiff failed to note that she had retained counsel in September 2015 and that counsel was actively in contact with Defendant's counsel during this time period.  Indeed, Attorney Kurzyna's first communication with Defendant is dated September 12, 2015.  (Dkt. 1, ¶ 28).  During subsequent communications, Attorney Kurzyna was clear that Plaintiff would file suit should the parties not reach a satisfactory

agreement and, thus, Defendant sought legal advice in relation in anticipation of litigation. In fact, Plaintiff was actively evaluating her legal claim, going so far as to request her therapist provide an evaluation to Attorney Kurzyna. *See* Ex. A.

Accordingly, such documents are privileged as the communications discussed legal strategy, conveyed legal advice and not "human resource management advice." (Dkt. 29, p. 11). Moreover, Defendant has not requested any communications between Plaintiff and her counsel during this time period, recognizing that these communications are privileged. Should the court determine that these communications were not in anticipation of litigation, then Plaintiff must produce her communications with counsel during this same period.

Plaintiff relies on *Koumoulis v. Indep. Fin. Mktg. Group*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) to suggest that communications with outside counsel would not be protected by the attorney-client privilege. *Koumoulis* merely reiterates the well-settled legal standard that communication with counsel for "business purposes" is not privileged. It does not foreclose attorney-client privilege in communications between an employer and outside counsel before litigation if the employer is requesting legal advice. This case is distinguishable because, in *Koumoulis*, outside counsel actively directed the investigation and advised Defendant on communications with the employee. No such conduct occurred here and the e-mails in question were for legal advice.

Plaintiff goes on to speculate that no communications between prior counsel and Defendant were disclosed. Defendant was represented by prior counsel, Diane Chace, during September, October, and early November for this matter. Any e-mails from this time period are also privileged and reflect an intent to discuss legal advice and strategies especially in light of Plaintiff's retention of Attorney Kurzyna.

Accordingly, the Court should deny Plaintiff's Motion to Compel the production of privileged documents.

### B. Wojciech Charubin Is Not A Party To This Matter

In Interrogatory No. 17 and Request Nos. 3 and 25, Plaintiff seeks information relating to Plaintiff's husband, Wojciech Charubin. As an initial matter, Attorney Kurzyna requested, and received, Mr. Charubin's personnel file after presenting an authorization executed by Mr. Charubin. Plaintiff now has the exact information she was requesting already in her possession. Accordingly, Plaintiff's Motion to Compel as to Request No. 3 should be denied.

As for Interrogatory No. 17 and Request No. 25, Defendant objected to Plaintiff's requests on the ground that the information and documents are not relevant because Mr. Charubin is not a party to this action. Plaintiff relies on *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 174 (2011) to support her contention that such documents are relevant to her cause of action. The facts in *Thompson* are distinguishable from this matter. In *Thompson*, Plaintiff was the fiancé of an employee who filed a sex discrimination claim against their mutual employer with the EEOC. *Thompson*, 562 U.S. at 170. Plaintiff was later fired from his position and brought his own claim, alleging that his termination was in retaliation for his fiancé's complaint. *Id.* The Supreme Court held that Plaintiff had standing to bring his own claim of retaliation did but not, as Plaintiff's suggests hold that such action would form the basis for *his fiancé* to bring a claim of retaliation on Plaintiff's behalf. *Id.* at 174. Plaintiff does, however, cite to dicta that characterizes how an employee might be dissuaded from engaging in protected activity if the employee thought a third-party would be terminated but does the Court does not go as far as Plaintiff suggests. Any claims that Mr. Charubin was retaliated against are separate and distinct from Plaintiff's claim. *See O'Rourke v. Boyne Resorts*, 2014 U.S. Dist. Lexis. 15857 (D.N.H.R. February 7, 2014) (holding

that third-party retaliation claims must be brought by the third party, not the complaining employee). Thus, if Plaintiff cannot sustain a claim on behalf of her husband, then any information or documentation related to his employment and/or separation from Defendant is irrelevant. Plaintiff's Motion to Compel as to Interrogatory No. 17 and Request No. 25 should be denied.

### C. Personnel File Of Jerzy Sarnacki

In Request No. 18, Plaintiff seeks the production of Jerzy Sarnacki's personnel file. Plaintiff alleges that Mr. Sarnacki sexually harassed her during her employment with Defendant and argues that such documents are relevant to her claims. Defendant initially withheld the personnel file before the parties agreed to the protective order. However, Defendant maintains its objection, because, even with a protective order, Plaintiff is not entitled to all of the documents in Mr. Sarnacki's personnel file. Mr. Sarnacki was an employee for over three decades. Defendant is willing to produce Mr. Sarnacki's personnel file from January 1, 2008 to his separation of employment, which is the same timeframe that Plaintiff identified in Request Nos. 4, 6 and 9.

### D. Defendant Has Provided The Identities Of Potential Witnesses

*a. Interrogatory No. 1*

In Interrogatory No. 1, Plaintiff seeks the identification of all persons who provided information used in answering the Interrogatories and contends that Defendant has refused to identify potential witnesses. This is simply untrue. Defendant responded that Lisa Budney assisted in the preparation of Defendant's Interrogatory responses. In response to Plaintiff's repeated requests for information, Defendant informed Plaintiff that Ms. Budney was the only person from the company who assisted in responding to the Interrogatory responses. Absurdly, Plaintiff argues that this is a refusal to identify individuals with information when Defendant has provided that exact information in response to Interrogatory No. 12, which calls for Defendant to

identify all witness with discoverable information and/or whom Defendant has asked to be a witness in this case. *See Seven Hanover Assocs., LLC v. Jones Lang LaSalle Americas, Inc.*, 2005 U.S. Dist. LEXIS 3358597, at *1 (S.D.N.Y. Dec. 7, 2005) (a party is entitled to ask for the names of persons with knowledge, but cannot compel an opposing party to disclose which individuals among those with knowledge that its counsel chose to interview).

Moreover, the burden of having to respond with the information sought in this Interrogatory would be entirely disproportionate to the benefit of the information to Plaintiff. As such, the information requested in Interrogatory No. 1 is not discoverable, and Plaintiff's Motion to Compel a response should be denied.

   b. *Interrogatory No. 12*

In Interrogatory No. 12, Plaintiff seeks the phone numbers for Ms. Klimek and Ms. Dudek. Plaintiff has quite ably contacted both Ms. Klimek and Ms. Dudek as discussed in Defendant's Motion for Protective Order. (Dkt. 27.) Defendant asked Plaintiff to contact all witnesses through counsel to prevent frightening or intimidating non-managerial witnesses, which is exactly what Plaintiff's counsel did when he surprised both Ms. Dudek and Ms. Klimek at their homes. As discussed in its Motion for Protective Order, Plaintiff made no attempt to contact these witnesses through counsel and Defendant did not prevent Plaintiff from communicating them. *Id.* Ms. Klimek and Ms. Dudek are concerned that Attorney Kurzyna will continue to contact them. Accordingly, Plaintiff's Motion to Compel as to Interrogatory No. 12 should be denied.

   c. *Interrogatory No. 14*

Plaintiff seeks the identity of all people interviewed in conjunction with the allegations contained in the Complaint as well as their contact information, when they were interviewed, the reason for the interview, the subject of the interviews and the substance of the

statement, if any.  Defendant objected to this Interrogatory because it asks Defendant to identify an "investigation" as well as individuals who were not decision-makers in the case.  First, Plaintiff has not made any argument to advance her need for discovering this information.  Second, Defendant objected to this Interrogatory to prevent a chilling effect on its employees.  Should employees feel that they will be called as a witness in subsequent litigation it could prevent them from fully participating in investigations because they do not want to be harassed in their homes, like Ms. Dudek and Ms. Klimek.

As Plaintiff has not identified any reason she needs this information, Defendant is forced to make assumptions.  If Plaintiff seeks this information to corroborate her claims of sexual harassment, then Plaintiff would be in the best position to identify any individuals who might have witnessed any alleged misconduct.  If Plaintiff seeks this information to determine if any other employee complained of sexual harassment, Defendant has already responded that no other employee made a complaint of sexual harassment after January 1, 2008.  Plaintiff has no other reason for this information besides to question needlessly employees who had limited involvement in the investigation of her complaint.  Finally, nowhere in her Complaint does Plaintiff claim that the investigation into her complaint was insufficient, only that she disagreed with Defendant's decision to place her on administrative leave.  This is a clear effort to annoy and harass employees who are wholly unrelated to this action.

Accordingly, the Motion to Compel as to Interrogatory No. 14 should be denied.

### E. Defendant Appropriately Objected To The Contention Interrogatories Because The Interrogatories Are Overbroad

Defendant objected to Interrogatory Nos. 2 and 3 because the Interrogatories are overbroad and the decision to admit or deny an allegation requires legal analysis and is the result of attorney-work product.  Contention interrogatories, while acceptable, should be carefully

drafted to obtain "contentions," rather than something more appropriately obtained through other discovery methods, such as depositions. *See generally* 2 Silberberg et al., Civil Practice in the Southern District of New York § 21:7 (2d ed. 2010). Courts have stricken contention interrogatories which asked a party to describe "all facts" that supported various allegations of the complaint, finding that to elicit a detailed narrative is an improper use of contention interrogatories. *See, e.g., Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (contention interrogatory overly broad and unduly burdensome to the extent it sought "all" facts that supported each defense); *Rivers v. Safesite Nat. Bus. Records Mgmt. Corp.*, 1995 U.S. Dist. LEXIS 12438, at *1 (S.D.N.Y. Aug. 28, 1995) (interrogatories stricken because "they call for repeated detailed narratives of the events at issue," and demand a description of "all facts" that support all of the principal allegations).

Here, Plaintiff asks Defendant to "set out and describe in detail the factual basis" for each denial in the Answer and each special defense. These interrogatories are exactly the type that our courts find inappropriate as it calls for a detailed narrative of the event at issue. Plaintiff cites to *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 368 (S.D.N.Y. Dec. 7, 2010), to support her position that contention interrogatories are perfectly acceptable within this jurisdiction. However, in *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, the Court held that contention interrogatories must be "specific, intelligible, and narrowly tailored for the case" and that a party should not have to "parse through documents that have already been produced to [the opposing party], which [the opposing party is] in a position to review themselves, in order to explain the obvious." More tellingly, the Court held that a request that sough every fact, every piece of evidence, every witness and every application of law to fact

9

was inappropriate. Thus, Defendant stands by its objection as that is exactly what Plaintiff has done here and requests that the Court deny Plaintiff's Motion to Compel as to these Interrogatories.

In the alternative, should the Court hold that these contention interrogatories are not overbroad, then Defendant posits that such responses would be premature. Responses to contention interrogatories are often deferred until the close of discovery. *See McCarthy v. Paine Webber Group*, 168 F.R.D. 448, 450 (1996) (holding that the court has discretion to order that a contention interrogatory not be answered until after designated discovery has been completed, until a pre-trial conference has been held or until some other later time). Therefore, Defendant views any response to these interrogatories to be premature at this time, as the parties are still proceeding with discovery, and asks the Court, if it should compel a response to the contention interrogatories, such response be deferred until the close of discovery.

F. Other Interrogatories

a. *Interrogatory Nos. 9 and 16*

Defendant responded to Interrogatory Nos. 9 and 16 without objection and so Plaintiff merely moves to compel more fulsome responses to the Interrogatories because she is dissatisfied with the answers. Plaintiff is free to ask the same questions– and will likely do so – in depositions. Plaintiff is merely over complicating the case by arguing over non-substantive matters. Practically speaking, Plaintiff will garner the same information during depositions and the Motion to Compel as to Interrogatory Nos. 9 and 18 should be denied.

G. Other Document Requests

a. *Request for Production No. 6 and 7*

In Request Nos. 6 and 7, Plaintiff seeks the production of all communications relating to Plaintiff or Mr. Charubin from 2015 to present. Defendant produced all

communications within its custody and control relating to Plaintiff's complaint but objected to producing documents related to Mr. Charubin. As discussed above, Mr. Charubin is not a party to this action and Plaintiff cannot sustain a claim of third-party retaliation on his behalf.

Defendant also objected to this Request because it is extraordinarily overbroad even with a time period of 2015 to present. In this Request, Plaintiff demanded all communications – including e-mails and text messages – between employees, contractors, agents, servants, officers and third parties. Such requests, which could implicate dozens of individuals, are extremely overbroad and completely disproportionate to the needs of the case, and therefore outside the scope of evidence discoverable under Federal Rule 26(b). As Plaintiff's motion plainly suggests, these requests are merely a reaction and an overreach by Plaintiff. Most of Defendant's employees were not decision-makers or related to the investigation in any way and such information would be irrelevant to Plaintiff's claims or Defendant's defenses. This is simply an attempt to drive up the costs of litigation. Accordingly, the Court should deny the Motion to Compel as to Request Nos. 6 and 7 because Defendant has already produced the relevant communications within the bounds of Fed. R. Civ. P. 26.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel.

DEFENDANT,
BUDNEY OVERHAUL & REPAIR, LTD.

By: /s/ *Holly L. Cini*
Holly L. Cini (ct 16388)
Mara E. Finkelstein (ct 30459)
holly.cini@jacksonlewis.com
mara.finkelstein@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

**CERTIFICATION OF SERVICE**

I hereby certify that on March 27, 2019, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ Mara E. Finkelstein*
Mara E. Finkelstein